# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Brandon Chambers,** ) | **CASE NO. 1: 24 CV 1629** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **United States of America,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Brandon Chambers, a federal prisoner incarcerated at FCI Hazelton, has filed a civil complaint in this matter against the United States of America. (Doc. No. 1.) In his complaint, he states he brings "a compulsory counterclaim arising out of the transaction and occurrence that was the subject matter of the claim" in his federal criminal case (*id*. at 1), but his complaint is unclear and does not allege a cogent civil claim or claims. He appears to seek monetary relief.

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2). For the following reasons, that motion is denied, and this action is dismissed.

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous or malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."

Plaintiff has, on more than three prior occasions while incarcerated or detained in a facility, filed a civil action in federal court that was dismissed on grounds that it was frivolous or malicious or failed to state claim upon which relief may be granted. *See Chambers v. U.S. District Court, Northern District of Ohio, Eastern Division*, No. 1:23 CV 2057 (N.D. Ohio Sept. 24, 2024) (filed Oct. 20, 2023 and dismissed under 28 U.S.C. § 1915(e)); *Chambers v. County of Mahoning, et al.*, No. 4:23 CV 2136 (N.D. Ohio Jan. 17, 2024) (filed Oct. 31, 2023 and dismissed under 28 U.S.C. § 1915(e)); *Chambers v. United States District Court for the Northern District of Ohio, Eastern Division*, No. 1:23 CV 2177 (N.D. Ohio Nov. 29, 2023) (filed Nov. 7, 2023 and dismissed under 28 U.S.C. § 1915(e)).

In addition, Plaintiff has not set forth facts plausibly demonstrating, and the Court does not find, that he is in "imminent danger of serious physical injury" within the meaning of the three-strikes rule. Accordingly, Plaintiff is precluded from proceeding *in forma pauperis* in this case.

The Court further finds it would be futile to allow Plaintiff to pay the filing fee in order to proceed with the case because the Court finds his complaint warrants *sua sponte* dismissal under 28 U.S.C. § 1915A. That statute requires district courts to review, and to summarily dismiss as soon as practicable after docketing, any "complaint in a civil case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" that is frivolous or malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)(b).

Plaintiff's complaint fails to allege any plausible civil claim against the United States

upon which he may be granted relief related to his criminal case. Further, absent express waiver, the United States is entitled to sovereign immunity from suit. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The United States cannot be sued at all without the consent of Congress.").

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this case (Doc. No. 2) is denied pursuant to 28 U.S.C. § 1915(g), and his complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 10/15/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court